1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,

11            Respondent,              No. 2:04-cr-0431 GEB JFM

12        vs.

13   SCOTT K. AKERS,

14            Movant.                  FINDINGS & RECOMMENDATIONS

15   _____/

16            Movant is a federal prisoner proceeding through counsel with a motion to vacate,

17   set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  On August 12, 2005, movant

18   pleaded guilty to being a felon in possession of ammunition with a previous conviction for a

19   misdemeanor crime of domestic violence in violation of 18 U.S.C. 922(g)(1) and (g)(9).  On

20   December 12, 2005, movant was sentenced to a term of 92 months imprisonment followed by a

21   36-month term of supervised release.[1]  In the instant motion, movant raises a single claim for

22   relief from the conviction and sentence.  Respondent contends that movant's claim lacks merit.

23   /////

24   /////

25

26        [1]  Movant was also assessed a penalty of $100.  See Judgment filed December 22, 2005.

1

PROCEDURAL BACKGROUND

On November 1, 2004, a complaint was filed against movant charging him with being a felon in possession of ammunition with a previous conviction for domestic violence, a violation of 18 U.S.C. 922(g)(1) and (g)(9).[2]  On November 17, 2004, a federal grand jury indicted movant, formally charging him with violating 18 U.S.C. 922(g)(1) and (g)(9).  Traverse, Ex. 1.

On January 21, 2005, movant filed a Motion to Suppress Evidence and Statements and a request for an evidentiary hearing.  See Traverse, Ex. 2.  On February 18, 2005, respondent filed an opposition.  On March 9, 2005, movant filed a reply.  On March 10, 2005, respondent filed a surreply.  On March 11, 2005, a hearing was held in the distract court.  The request for an evidentiary hearing  and the motion to supress were both denied.

On March 16, 2005, movant filed a motion for reconsideration.  On April 4, 2005, respondent filed an opposition.  On April 15, 2005 the motion for reconsideration was denied.

On August 12, 2005, movant entered into a plea agreement.  On December 12, 2005, movant was sentenced to 92 months imprisonment followed by a 36-month probationary period.

Movant appealed to the Ninth Circuit Court of Appeals on December 12, 2005.  Traverse, Ex. 19.  On May 9, 2007, the appellate court affirmed the decision of the district court.  Id., Exs. 21-22.

On April 8, 2008, movant filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  Movant contends that trial counsel was ineffective for failing to file affidavits contemporaneously with the motion to suppress, resulting in denial of movant's motion to supress.

/////

---

[2] On March 12, 1987, movant was convicted of a misdemeanor crime of domestic violence.  See Traverse, Ex. 1.

On August 13, 2008 a response was filed, and, on March 10, 2010 newly appointed counsel filed a traverse.

RELEVANT FACTUAL BACKGROUND

On January 21, 2005, movant, through trial counsel, filed a Motion to Suppress Evidence and Statements.  See Traverse, Ex. 2.  Movant's motion, filed without accompanying affidavits or other evidence in support, set forth the following factual allegations: On October 13, 2004, movant and a companion, Monica Chavez ("Chavez"), were riding bicycles near movant's apartment in Sacramento during the early evening hours.  While riding their bicycles, two unmarked cars carrying four police officers blocked the movement of the two cyclists by driving up on a sidewalk, causing Chavez to ride into a bush.  The officers exited the vehicles and interrogated and searched movant, finding a knife on his person.  Both movant and Chavez were arrested and taken to movant's apartment where movant was ordered to allow entry into the apartment.  Once inside, the officers searched the apartment, finding ammunition and a handgun in movant's dresser drawer.  Movant was taken to county jail and booked.

In the motion to suppress, movant argued that (1) the initial stop of movant and Chavez was illegal because it was without suspicion of criminal activity and that all evidence seized as a result of that stop should be suppressed, Traverse, Ex. 2 at 4-5; (2) if the initial stop was deemed proper, the subsequent arrest and search were improper because they were without probable cause, id. at 5-9; (3) the search of movant's person was illegal as the officers did not have a reasonable belief that their safety was in danger, id. at 9-11; (4) pursuant to Miranda v. Arizona, 384 U.S. 436, 476 (1965), movant's statements made after his arrest should be excluded, id. at 12-13; and, finally, (5) the warrantless entry into movant's home was illegal, id. at 13-15.

In opposition, respondent argued that all evidence was obtained legally and set forth the following factual allegations supported by a copy of the police report and the declarations of two of the four officers present at the scene: On the evening of October 13, 2004,

3

the four officers received information that there was a white male engaging in narcotics trafficking at an apartment in Sacramento.  See Traverse, Ex. 4.  That evening, these officers saw movant, who is a white male, and Chavez leave that apartment, mount bikes and proceed along a street in the opposite direction of traffic.  From the car, one officer was able to see that movant was carrying a knife in his front pant pocket.  The four officers stopped the two individuals for violating California Vehicle Code § 21650.1.[3]  Upon questioning movant and Chavez, the officers determined that Chavez had five warrants for her arrest.  Chavez was taken into custody.  When movant was asked by one of the police officers if they could go into his apartment to talk, movant readily agreed and unlocked the door to his apartment.  Once inside, one officer informed movant that there were reports of narcotics trafficking in the apartment.  Movant adamantly denied the reports and agreed to a search of his apartment.  Movant also admitted that he was in possession of a firearm.  When the police officers located a gun in movant's bedroom, they arrested movant.  Upon his arrest and after compliance with Miranda, movant again admitted that he possessed the gun.

In his March 9, 2005 reply, which was tardily filed, movant submitted the declaration of the Chief Investigator for the Office of the Federal Defender, who asserted that he interviewed two individuals who would attest to movant's version of events, including that an officer opened the door to movant's apartment, not movant.  Traverse, Ex. 6.

In the March 10, 2005 surreply, respondent requested dismissal of the reply as untimely, contested the presentation of new facts in a reply brief (namely, the investigator's declaration and the allegations set forth therein), and urged the court to dismiss the investigator's declaration as inadmissible hearsay.  Traverse, Ex. 7.

At the March 11, 2005 hearing on movant's motion to suppress, the trial court was troubled not only by movant's failure to support his factual allegations with any evidence,

---

[3]  Section 21650.1 states "A bicycle operated on a roadway, or the shoulder of a highway, shall be operated in the same direction as vehicles are required to be driven upon the roadway."

1   but also by his introduction of new evidence in a reply brief.  <u>See</u> Traverse, Ex. 8 at 1-2.

2   Further, the trial court characterized the factual allegations set forth in the motion to suppress as

3   "conclusory arguments" or "arguments of counsel" that were unsupported "by any type of sworn

4   averments."  <u>Id.</u> at 3:9-13.

5          Counsel for movant argued that she read Federal Rule of Criminal Procedure 47

6   to allow, not require, a party to submit an affidavit contemporaneously with a motion to

7   suppress.  Traverse, Ex. 8 at 4.  Trial counsel explained that, based on her understanding of Rule

8   47, she was required only to set forth that there was no warrant for the search and arrest; upon

9   this showing, the government must show that an exception applies justifying the warrantless

10  search; and finally, the movant files a reply challenging respondent's opposition.  <u>See</u> <u>id.</u> at 7.

11  The court found issue with this procedure: "I don't think the system is designed like that. . . . I

12  think when you file something in the Ninth Circuit you make a showing of entitlement to

13  something, and I don't think you add new material."  <u>Id.</u> at 13.  Further, counsel for movant

14  admitted that the reply was tardily filed, <u>see</u> Traverse, Ex. 8 at 5, and asserted that she did not

15  submit declarations of the two percipient witnesses "just as a matter of efficiency . . . , to save a

16  day of investigatory work out in the field," <u>id.</u> at 11-12.

17         The court founds these arguments unpersuasive and denied movant's request for

18  an evidentiary hearing:

19         The Court:     [Movant] moves to suppress all evidence and statements
           obtained as a result of his detention on October 13, 2004 and the subsequent
20         search of his home.  His motion is based solely on arguments of his counsel and
           his attorney's conclusory allegations and assertions of illegality.  A factual
21         assertion of illegality in the motion on page 4 at lines 15 to 17 follows:

22         "Once there," referencing the apartment, "[movant] was ordered to open
           his apartment and go inside with the officers and Ms. Chavez."
23
24         That factual assertion could have been supported by a declaration and was
           not.  Instead, all of the factual assertions in the motion are unsupported by
25         declaration.  And when I questioned defense counsel during the hearing about the
           lack of sworn statements in support of the motion, defense counsel said, in part,
26         that the individuals referenced in the reply declaration of the defense's reply brief
           will probably be willing to sign a declaration, indicating that the Court should

exercise its subpoena authority by allowing the defense to subpoena those witnesses and place them on the stand so that the defense could be assured of getting some type of testimony from those two individuals. The defense's position seems somewhat speculative as to whether the defense would be able to support its motion with any type of sworn averment.

[Defense Counsel]: Your Honor, I – that's incorrect. I was only indicating as to those two that I'm not sure. There is my client standing here, and I'm absolutely certain that I can get an averment from him. I was only indicating as to those two. I can't force them to sign anything.

The Court: Then, as the record reflects, as I was giving my ruling, defense counsel then referenced her client as an individual who could have provided a declaration, and that declaration, I assume, could have supported, if it had been given in connection with the motion, the assertion on page 4, lines 15 to 17 that I quoted earlier. I'm going to take a moment to look at this motion further.

There are other factual assertions in the motion other than the one that I mentioned. I do not understand why the defense did not support all of the factual assertions in its motion with a declaration, because it does appear that the defense could have done that, and chose not to do that for some inexplicable reason.

The Court need not order an evidentiary hearing when a motion consists solely of conclusory allegations of illegality. See the Ninth Circuit decision at 604 F.2d 621.

Traverse, Ex. 8 at 33-34.

On March 16, 2005, movant filed a motion to reconsider and the declarations of movant, Chavez and an individual named William Hopkins, all of whom stated that movant did not give consent for the officers to enter movant's home and, instead, an officer opened the door of the apartment using movant's key. See Traverse, Ex. 9. In the motion, movant first argued that, by law, an affidavit need not be submitted with a motion to suppress and, next, argued that the moving papers set forth sufficient factual allegations to show a dispute of fact necessitating an evidentiary hearing.

On April 4, 2005, respondent filed an opposition arguing that the motion to reconsider should be denied as it did not present new issues or evidence. Traverse, Ex. 10. Respondent also set forth legal arguments stating that a motion to suppress may not rely on statements made by counsel, but must instead submit admissible evidence in the form of affidavits, declarations and the like.

At an April 15, 2005 hearing on the matter, the trial judge denied the motion to

reconsider on the same grounds that the motion to suppress was denied:

> I recognize that when I ruled on the motion I had discretion to allow the [movant] to expand the evidentiary record by way of the [movant]'s reply brief, but that didn't make sense then and it doesn't make sense now.  It would make sense if there was some showing of good cause as to why the matters set forth in the reply brief were not set forth in the motion. There was no such showing. [¶]
>
> If the movant desired to prevail on his motion, or to have convinced me of the need for an evidentiary hearing, the movant's motion, rather than the movant's reply brief, should have been accompanied by an affidavit which showed that contested issues of fact existed going to the validity of the Fourth Amendment question at issue.  See, generally, Rule 47 concerning the option of supporting a motion with an affidavit.
>
> Further, the evidence the movant . . . had sought to present in his reply brief was not from a percipient witness, it was from an investigator who had communicated with percipient witnesses, purported percipient witnesses, at that time it was purported.
>
> Since the movant's motion for reconsideration presents no evidence that could not have been presented in his suppression motion on which I have already ruled, there is no basis for reconsidering the matter, in my opinion. I have discretion as to whether I'm going to reconsider it, and I exercise my discretion against reconsideration. So, the motion for reconsideration is denied.

Traverse, Ex. 11 at 2-3.

## STANDARDS

Section 2255 provides that

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Ordinarily, a defendant may not raise a claim for the first time in a § 2255 motion.

United States v. Frady, 456 U.S. 152, 167 (1982) (claim not raised on direct appeal is barred);

United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) ("If a criminal defendant could have

raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both

7

1   cause excusing his procedural default, and actual prejudice resulting from the claimed error.").

2   "'Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the

3   claim may be raised in habeas only if the defendant can first demonstrate either "cause" and

4   actual "prejudice," or that he is "actually innocent."'"  U.S. v. Ratigan, 351 U.S. 957, 964 (9th

5   Cir. 2003 (quoting Bousley v. United States, 523 U.S. 614, 622 (1998) (internal citations

6   omitted)).  "Constitutionally ineffective assistance counsel constitutes cause sufficient to excuse

7   a procedural default."  Ratigan, 351 U.S. at 964-65 (citing Murray v. Carrier, 477 U.S. 478, 488

8   (1986).  However, "the mere fact that counsel failed to recognize the factual or legal basis for a

9   claim, or failed to raise the claim despite recognizing it, does not constitute cause for a

10  procedural default."  Murray v. Carrier, 477 U.S. at 486.

DISCUSSION

11

12  1.   Appellate Court Opinion

13          On direct appeal, the Ninth Circuit Court of Appeals affirmed the district judge's

14  denial of movant's request for an evidentiary hearing:

15          The district court did not abuse its discretion in denying [movant]'s
            request for an evidentiary hearing.  An evidentiary hearing was unwarranted
16          because [movant]'s motion to suppress failed to "allege facts with sufficient
            definiteness, clarity, and specificity to enable the trial court to conclude that
17          contested issues of fact exist."  *United States v. Howell*, 231 F.3d 615, 620 (9th
            Cir. 2000) (citations omitted).

18  Traverse, Ex. 22.

19  2.   Analysis

20          In order to prevail on his claims of ineffective assistance of counsel, movant must

21  show two things, an unreasonable error and prejudice flowing from that error.  First movant must

22  show that, considering all the circumstances, counsel's performance fell below an objective

23  standard of reasonableness.  Strickland v. Washington, 466 U.S. 688 (1984).  The court must

24  determine whether in light of all the circumstances, the identified acts or omissions were outside

25  the wide range of professional competent assistance.  Id. at 690.  "Review of counsel's

26

1   performance is highly deferential and there is a strong presumption that counsel's conduct fell

2   within the wide range of reasonable representation."  United States v. Ferreira-Alameda, 815

3   F.2d 1251 (9th Cir. 1986).

4               Second, movant must prove prejudice.  Strickland at 693.  To demonstrate

5   prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's

6   unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  A

7   reasonable probability is "a probability sufficient to undermine confidence in the outcome."  Id.

8   The focus of the prejudice analysis is on "whether counsel's deficient performance renders the

9   result of the trial unreliable or the proceeding fundamentally unfair."  Lockhart v. Fretwell, 506

10   U.S. 364, 372 (1993).  "A court need not determine whether counsel's performance was deficient

11   before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."

12   Strickland, at 697.

13               To demonstrate prejudice on a challenge to a denial of a motion to suppress,

14   movant must show, at a minimum, that the trial court would have granted his request for an

15   evidentiary hearing had his declaration and those of the two witnesses been included in the

16   motion to suppress, and that his suppression motion would have been granted after the hearing

17   took place.  Van Tran v. Lindsey, 212 F.3d 1143, 1156 (9th Cir. 2000), overruled on other

18   grounds by Lockyer v. Andrade, 538 U.S. 63 (2003) (citing Kimmelman v. Morrison, 477 U.S.

19   365, 375 (1986) ("in order to show prejudice when a suppression issue provides the basis for an

20   ineffectiveness claim, the petitioner must show that he would have prevailed on the suppression

21   motion, and that there is a reasonable probability that the successful motion would have affected

22   the outcome")).  See also Bailey v. Newland, 263 F.3d 1022, 1029 (9th Cir. 2001) (same).

23               The first question before the court, then, is whether trial counsel's failure to

24   submit an affidavit or other evidence contemporaneously with the motion to suppress and request

25   for an evidentiary hearing constitutes incompetent performance.  Rule 47 of the Federal Rules of

26   Criminal Procedure provides that "[a] motion must state the grounds on which it is based and the

1  relief or order sought.  A motion *may* be supported by affidavit."  (Emphasis added.)  The

2  Advisory Committee Notes to Rule 47 specify that an affidavit is "appropriate to establish a

3  fact."  <u>See</u> Fed. R. Crim. P. 47 1944 Advisory Comm. Notes (West 2011).

4         In determining whether an affidavit must accompany a motion to suppress and a

5  request for an evidentiary hearing, case law distinguishes between motions to suppress within the

6  context of evidence obtained pursuant to a warrant and those obtained without one.

7         It is undisputed that a defendant filing a motion to suppress evidence obtained

8  pursuant to a search or arrest warrant must submit an affidavit with the motion.  <u>See</u> <u>Franks v.</u>

9  <u>Delaware</u>, 438 U.S. 154 (1978); <u>United States v. Kiser</u>, 716 F.2d 1268, 1271 (9th Cir. 1983).  To

10  obtain a <u>Franks</u> hearing, there are five requirements for a motion to suppress to be deemed

11  sufficient: (1) the defendant must allege specifically which portions of the warrant affidavit are

12  claimed to be false; (2) the defendant must contend that the false statements or omissions were

13  deliberately or recklessly made; (3) a detailed offer of proof, including affidavits, must

14  accompany the allegations; (4) the veracity of only the affiant must be challenged; and (5) the

15  challenged statements must be necessary to find probable cause.  <u>Kiser</u>, 716 F.2d at 1271.

16         As to warrantless searches, the Ninth Circuit has held that an evidentiary hearing

17  "ordinarily is required if the moving papers are sufficiently definite, specific, detailed and

18  nonconjectural to enable the court to conclude that contested issues of [material] fact . . . are in

19  issue."  <u>United States v. Walczak</u>, 783 F.2d 852, 857 (9th Cir. 1986).  The Ninth Circuit has not,

20  however, held precisely what it intended by the phrase "sufficiently definite, specific, detailed

21  and nonconjectural."

22         Notwithstanding the requirement that a motion to suppress challenging a warrant

23  be accompanied with a detailed offer of proof, there is no similar United States Supreme Court

24  or Ninth Circuit requirement that a motion to suppress evidence found as a result of warrantless

25  search be accompanied by an affidavit.  <u>See</u> <u>Cohen v. United States</u>, 378 F.2d 751, 761 (9th Cir.

26  1967) ("[I]n the absence of a court order or local rule such affidavits are not necessary").  <u>See</u>

also 3B Charles Alan Wright, Federal Practice and Procedure § 802 (3d ed. 2011) ("[I]n the absence of a court order, or a local rule requiring affidavits, it is not required that affidavits be submitted [with a motion to suppress evidence]."  See also United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991) ("[defendant" forfeited his right to a[n evidentiary] hearing [on his motion to suppress] by not properly submitting a declaration pursuant to Local Rule[s]"); United States v. Barajas-Romo, 266 Fed. Appx. 530, 531 (9th Cir. 2008) ("[defendant] failed to file a declaration to support the factual contentions in his motion [to suppress] as required by the Southern District of California's Local Rule[s]").

Accordingly, different district courts[4] and different judges[5] have set forth different rules as to the requirements of a motion to suppress evidence obtained from a warrantless search. Examination of the case law reveals that boilerplate motions that provide or contest no factual allegations are clearly insufficient to warrant an evidentiary hearing.  See, e.g., United States v. Licavoli, 604 F.2d 613, 621 (9th Cir. 1979) ("[a] hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality"); Howell, 231 F.3d at 621 (affirming district court's denial of request for evidentiary hearing on motion to suppress in light of defendant's "conclusory" "boilerplate motion" that "identified no facts which, if proved, would allow the court to suppress the confession").  It is also evident that motions supplemented with sworn statements are clearly "sufficiently definite, specific, detailed and nonconjectural."

---

[4] See Local Criminal Rule 12-1.1 of the Central District of California ("A motion to suppress shall be supported by a declaration on behalf of the defendant . . . ."); Local Criminal Rule 47-2 of the Northern District of California ("Motions presenting issues of fact shall be supported by affidavits or declarations . . . ."); Local Rule 430.1(b) of the Eastern District of California (no specific requirements); Local Criminal Rule 47.1(g)(1) of the Southern District of California ("Criminal motions requiring a predicate factual finding must be supported by declaration(s). . . . The court need not grant an evidentiary hearing where either party fails to properly support its motion or opposition.").

[5] Compare United States v. Tilton, 2:05cr500-LKK (granting request for evidentiary hearing on motion to suppress filed without accompanying affidavits) with United States v. Moran-Garcia, 783 F. Supp. 1266, 1270 (S.D. Cal. 1991) (denying request for evidentiary hearing on motion to suppress filed without accompanying affidavits even after recognizing that such affidavits are not statutorily required).

1        Here, movant's trial counsel submitted neither a factually bare, boilerplate motion
2   nor a motion supplemented with sworn statements.  On the one hand, the motion identified the
3   factual bases of the dispute; on the other hand, the motion was based on the unsworn
4   representations of counsel.   Nonetheless, trial counsel's failure to include affidavits
5   contemporaneously with the motion to suppress was not unreasonable as it did not violate
6   statutory or case law or local rules.  See Ferreira-Alameda, 815 F.2d 1251 (9th Cir. 1986).
7   Moreover, trial counsel's understanding that the government has the burden of proof on a motion
8   to suppress evidence when the evidence is obtained without a warrant is correct as a matter of
9   law.  See United States v. Chaney, 2011 WL 1496149 (D. Alaska 2011) (citing United States v.
10  Jeffers, 342 U.S. 48 (1951)).  Thus, the court finds that trial counsel's representation was not
11  constitutionally ineffective.

12       For the reasons set forth above, movant is not entitled to relief under § 2255 with
13  respect to his claim of ineffective assistance of trial counsel.

14       For all of the foregoing reasons, movant's § 2255 motion should be denied.
15  Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States
16  District Courts, "[t]he district court must issue or a deny a certificate of appealability when it
17  enters a final order adverse to the applicant."  Rule 11, 28 U.S.C. foll. § 2255.  A certificate of
18  appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial
19  showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The court must either
20  issue a certificate of appealability indicating which issues satisfy the required showing or must
21  state the reasons why such a certificate should not issue.  Fed. R. App. P. 22(b).  For the reasons
22  set forth in these findings and recommendations, movant has not made a substantial showing of
23  the denial of a constitutional right.  Accordingly, no certificate of appealability should issue.

24       Accordingly, IT IS HEREBY RECOMMENDED that:

25       1.  Movant's April 8, 2008 motion to vacate, set aside, or correct his sentence
26  pursuant to 28 U.S.C. § 2255 be denied;

1           2.  The district court decline to issue a certificate of appealability; and

2           3.  The clerk of the court be directed to close the companion civil case No. 2:08-

3  cv-0918 GEB JFM.

4           These findings and recommendations are submitted to the United States District

5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

6  days after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9  objections shall be filed and served within fourteen days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time waives the right to

11  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

12  DATED: August 4, 2011.

13

14                                             UNITED STATES MAGISTRATE JUDGE

15

16  /014;aker0431.257

17

18

19

20

21

22

23

24

25

26